PETERSON, Judge.
We have for consideration another sales transaction in a series of cases spawned by the unsuccessful plan of Pathfinder Services, Inc., (Pathfinder) to market and rent for purchasers mobile homes placed in a mobile home park known as Nature’s Woods. See Boucher v. First Community Bank of Orange City, 626 So.2d 979 (Fla. 5th DCA 1993); Prenoveau v. First Community Bank of Orange City, 627 So.2d 529 (Fla. 5th DCA 1993).
We affirm the judgment in favor of Century Federal Savings Bank and Earl Abbott and we reverse the summary judgment entered in favor of Abb-Hitt Corporation *922 (Abb-Hitt) for the reasons stated in Boucher. In summary those reasons were that Abb-Hitt failed in its motion for summary judgment to raise the issue that its agent Pathfinder was free from the wrongdoings alleged in Francis R. Proto’s third-party complaint for which Abb-Hitt could be responsible if the acts were within the scope of the agency relationship. The issue raised in Abb-Hitt’s motion was an absence of liability because none of its officers had any contact with Proto and therefore could not have made any representations to Proto.
In attempting to distance itself from Pathfinder, Abb-Hitt asserted in its motion for summary judgment that “[t]o the contrary, Dr. Proto relied on the recommendation of a close personal friend, an Andrew Bedard, in connection with his involvement with Pathfinder.” The record shows that Bedard was an employee or agent of Pathfinder who shared in the purchase price of Proto’s mobile home along with Abb-Hitt and Pathfinder. Any actionable representations made by Bedard as well as those of the officers of Pathfinder, may be attributable to Abb-Hitt if found to be within the scope of the principal agent relationship between Abb-Hitt and Pathfinder.
We remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DAUKSCH and COBB, JJ., concur.